H. N. HENRY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108258. Promulgated June 23, 1942.

*Robert C. Lane, Esq.*, for the petitioner.
*F. L. Van Haaften, Esq.*, for the respondent.

150

OPINION.

Leech: The question here is original, so far as we know. We think it is clearly answered by the provisions of the statutes hereinafter cited.

That the payments received by petitioner from the Dominion of Canada constituted gross income to him under the definition of sections 22 (a) of the Revenue Acts of 1936 and 1938 is manifest and needs no argument. It is likewise clear that they do not fall within the class of any of the statutory deductions from gross income. It thus remains to be determined whether they fall within the exclusions from gross income. The only sections of these acts, possibly pertinent, are sections 22 (b) (5) and (7) reading as follows:

SEC. 22. GROSS INCOME.

\*     \*     \*     \*     \*     \*     \*

(b) Exclusions from Gross Income.—The following items shall not be included in gross income and shall be exempt from taxation under this title:

\*     \*     \*     \*     \*     \*     \*

(5) Compensation for injuries or sickness.—Amounts received, through accident or health insurance or under workmen's compensation acts, as compensation for personal injuries or sickness, plus the amount of any damages received whether by suit or agreement on account of such injuries or sickness;

\*     \*     \*     \*     \*     \*     \*

(7) Income exempt under treaty.—Income of any kind, to the extent required by any treaty obligation of the United States.

The payments in question were not "received, through accident or health insurance or under workmen's compensation acts" nor were they damages for accident or received as compensation or damages for personal injuries or sickness. There is no treaty obligation of this country for their exemption from tax.

Petitioner argues that payments similar in character made by this country under its laws to former members of its armed forces are not subject to tax and that he is now a citizen of this country and should be accorded the same exemption. The exemption to which he points is provided by the Act of August 12, 1935, 49 Stat. 607, exempting from all taxes amounts paid as pensions or disability compensation under certain specified statutes of the United States. The payments in controversy were not made under those acts and petitioner is accordingly not entitled to the statutory exemption there provided.

*Decision will be entered for the respondent.*